## WILLIAMS *v.* CHAMBERS.

1. Where a sheriff levied a mortgage fi. fa. upon certain property embraced in the mortgage, and left the property in the hands of the mortgagor, and, pending a settlement between the mortgagor and the mortgagee, the mortgagee granted a stay of proceedings "until further orders," and pending this stay of proceedings a constable levied a fi. fa. issued from a justice's court upon the property referred to and sold it, the plaintiff in the mortgage fi. fa. was not entitled to a rule absolute against the sheriff, requiring him to pay the value of the property levied upon.

2. A transferee with knowledge of the facts just set forth would not be in a better position than the plaintiff in the mortgage fi. fa.

NOVEMBER 17, 1913.

Rule. Before Judge Bell. Fulton superior court. October 2, 1912.

A fi. fa. issued upon the foreclosure of a chattel mortgage, and was levied by a deputy sheriff on two mules covered by the mortgage. After making this levy the officer allowed the property to remain in the mortgagor's possession. The entry of levy recited that further action in the premises was "stayed by and with the consent of the plaintiff, pending a settlement of the matter." Two days afterward the mortgagee, Coryell, paid the accrued costs, and signed an entry on the fi. fa., acknowledging receipt of $45 as a credit thereon, and stating that "the sheriff is authorized to stay matter until further orders." Five days thereafter a constable levied an execution from a justice's court on one of the two mules, took possession of it, advertised, and sold it. The deputy sheriff knew of these proceedings, demanded a return of the mule by the constable, and placed the mortgage fi. fa. in the hands of the constable for the purpose of claiming the fund realized from the sale.

Williams (who alleged that he had bought one of the mules from the mortgagor, and had been compelled, for his own protection, to take a transfer of the mortgage fi. fa.) brought a petition praying for a rule absolute requiring the deputy sheriff to pay over to him the value of the mule sold by the constable. The deputy sheriff answered, that all the foregoing facts were fully known, as the events occurred, to both Coryell and to Williams, who accepted the transfer of the mortgage fi. fa. after having such knowledge; and that if the money that arose from the sale of the mule by the constable was not credited on the mortgage fi. fa., it was because Coryell and Williams failed, neglected, and refused to allow the money to be so applied. The court refused, on motion, to strike the answer, and denied a rule absolute. Williams excepted.

*C. T. & L. C. Hopkins,* for plaintiff.
*Daley & Chambers,* for defendant.

BECK, J. Under the facts of the case the court did not err in refusing to strike the answer of the respondent. The plaintiff was not entitled to a rule absolute against him. While it may be true that under the levy of the mortgage fi. fa. the property was in custodia legis, although the sheriff permitted the defendant in fi. fa. to retain possession of the property, and that a levy of the fi. fa. issued from the justice's court and a sale thereunder would have been void (the constable having no right to seize under another fi. fa. the property which the deputy sheriff had previously

levied upon) had the plaintiff in fi. fa. not interfered with the course of the law, still, when the plaintiff himself, who had the right to control the fi. fa., granted a stay of proceedings, he thereby interrupted the ordinary and usual course of proceedings under the law. When the levy of the mortgage fi. fa. was made, and the property was not replevied, and no defense to the mortgage fi. fa. was filed, it was the duty of the levying officer, of course, to proceed without delay to bring the property to sale; and had this course been taken, the constable would have had no right under the law to levy a fi. fa. issued from the justice's court upon this property. But when the plaintiff himself granted a stay of proceedings, which he had a right to do as between himself and the mortgagor, he could no longer hold off other lienholders from taking steps to enforce their liens. The stay which he granted was "until further orders;" that is, until further orders from himself. Had he given orders to proceed before the property was seized by the constable under the fi. fa. from the justice's court, it might be that the usual course of the law would have been resumed, and that then it would have been illegal for the constable to levy the justice's court fi. fa. upon the property. A stay of proceedings "until further orders" was an indefinite stay. The plaintiff in the mortgage fi. fa. could not indefinitely postpone the right of other lienholders to take steps to realize upon their liens; and the only step which the plaintiff in fi. fa. in the justice's court could take at law was to have a levy made and to sell the property thus levied upon. The levy of the fi. fa. from the justice's court, under the circumstances, was not illegal and void. The plaintiff in the mortgage fi. fa., or his transferee, the plaintiff in error, having knowledge of the approaching sale under the fi. fa. issued from the justice's court, could have protected his interest under the law; and having failed to do this, we do not think the deputy sheriff should now be penalized.

*Judgment affirmed. All the Justices concur.*